# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-197 GW (MRW) | Date | March 20, 2019 |
| Title | VanLoan v. Nation of Islam | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE

    1.    Plaintiff VanLoan filed this <u>pro se</u> civil action in January 2019. According to the text of the complaint and the form civil cover sheet, Plaintiff resides in Malvern, Pennsylvania. (Docket # 1 at 2; 1-1.) The Clerk of the Court used that address as Plaintiff's service address on the Court's docket.

    2.    However, the top of the caption page on the complaint lists another address for Plaintiff. That address is in Tucson, Arizona. (Docket # 1 at 1.)

    3.    Plaintiff recently filed a request for permission to use the Court's e-filing system. (Docket # 33.) Plaintiff used his Arizona address on that request. However, the envelope that contained his request had a return address and postmark from a <u>third</u> location: Charleston, South Carolina. (Docket # 33 at 2.)

    4.    When the Court issued its <u>pro se</u> litigant procedural order, it specifically informed Plaintiff of the Local Rule requirement that an unrepresented plaintiff must keep the Court and other litigants apprised of his "current address." (Docket # 4 at 2 (citing L.R. 41-6).) Failure to promptly update a mailing address with the Court may be grounds for dismissal of the action.

    5.    Based on Plaintiff's conflicting filings, it's not at all clear whether Plaintiff has properly informed the Court of his current address – Malvern, Tucson, or Charleston. The Court should not have to guess.

    6.    Therefore, Plaintiff is ORDERED to show cause why he has not violated Local Rule 41-6. Plaintiff may discharge this order by submitting a sworn statement made under penalty of perjury that clearly states: (a) his current mailing address; and (b) the reason(s) for his

use of three addresses during the short pendency of this action.  Plaintiff's sworn statement (not to exceed four pages) will be due by April 5.

      7.     The Clerk is directed to serve this order on Plaintiff at all three of his known addresses.  The Court defers consideration of the electronic filing request until it gains visibility on Plaintiff's location.

      **Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).  Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884 (9th Cir. 2019).**